# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-88-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| SIOUX SUMMER NECKLACE, | |
| Defendant. | |

## I. Synopsis

Defendant Sioux Summer Necklace (Necklace) has been accused of violating the conditions of his supervised release. Necklace admitted one of the alleged violations. Necklace's supervised release should be revoked. Necklace should be placed in custody for 12 months, with no supervised release to follow.

## II. Status

Necklace pleaded guilty to Assault Resulting in Serious Bodily Injury on March 23, 2016. (Doc. 21). The Court sentenced Necklace to 22 months of custody, followed by 3 years of supervised release. (Doc. 28). Necklace's current term of supervised release began on September 17, 2018. (Doc. 44).

**Petition**

The United States Probation Office filed a Petition on March 19, 2019, requesting that the Court revoke Necklace's supervised release. (Doc. 44). The Petition alleged that Necklace violated the conditions of his supervised release by committing two crimes, and by consuming alcohol.

**Initial appearance**

Necklace appeared before the undersigned for his initial appearance on April 4, 2019. Necklace was represented by counsel. Necklace stated that he had read the petition and that he understood the allegations. Necklace waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on April 4, 2019. Necklace admitted that he had violated the conditions of his supervised release by consuming alcohol. Necklace was unable to admit or deny that he had committed other crimes. The government did not attempt to prove that Necklace committed other crimes. The admitted violation is serious and warrants revocation of Necklace's supervised release.

Necklace's violation is a Grade C violation. Necklace's criminal history

category is I. Necklace's underlying offense is a Class C felony. Necklace could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 33 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months. Both Necklace and the government recommended a sentence of 12 months in custody, with no supervised release to follow.

### III. Analysis

Necklace's supervised release should be revoked. Necklace should be incarcerated for 12 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. The supervised release conditions imposed previously should be continued.

### IV. Conclusion

The Court informed Necklace that the above sentence would be recommended to Judge Morris. The Court also informed Necklace of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Necklace that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Necklace stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Sioux Summer Necklace violated the conditions of his supervised release by consuming alcohol.

The Court **RECOMMENDS:**

That the District Court revoke Necklace's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of 12 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 5th day of April, 2019.

John Johnston
United States Magistrate Judge

4